IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 3:07-CV-028 (CDL) |
| | * | |
| ROB MARETT, INC.; and ROBERT M., MARETT JR., individually, | * | |
| Defendants. | * | |
| | * | |
| ROB MARETT, INC., | * | |
| Third-Party Plaintiff, | * | |
| vs. | * | |
| MORAN FRAMING CO., INC.; MICHAEL MORAN; WOODMAN INSULATION, INC.; and AIR-TIGHT INSULATION, INC., | * | |
| Third-Party Defendants. | * | |
| | * | |

O R D E R

This litigation arises from damages caused by a residential fire. Under its right of subrogation from the homeowner, Plaintiff Great Northern Insurance Company ("Great Northern") filed suit against the builders, Defendants Rob Marett, Inc. and Robert M. Marett Jr., asserting claims of negligence and negligence *per se*. Defendant Rob Marett, Inc. ("RMI") has asserted cross claims for indemnification and/or contribution against Third-Party Defendants

1

Moran Framing Co., Inc., Michael Moran, Woodman Insulation, Inc. ("Woodman"), and Air-Tight Insulation, Inc.

Presently pending before the Court are Third-Party Defendant Woodman Insulation, Inc.'s Motion for Summary Judgment (Doc. 41) and Request for Hearing (Doc. 42). Woodman contends that there is a complete absence of evidence to support RMI's claim for indemnification and/or contribution. Specifically, Woodman argues that RMI failed to produce any evidence from which a reasonable jury could conclude that Woodman caused or contributed to the fire through negligent performance of its subcontracting obligations.

Pursuant to the present scheduling order, however, the period for discovery will not end until the close of business on March 27, 2008. Thus, at the time this motion became ripe for decision, "[t]he investigation into the cause of the fire ha[d] not been completed" and the evidentiary record is thin. (Hagan Aff. ¶ 5, Jan. 10, 2008.) For this reason, the Court finds that the present motion is premature and denies the Motion for Summary Judgment (Doc. 41). The Court likewise denies as moot the Request for Hearing (Doc. 42).

Once discovery is complete, Woodman and any other party may seek summary judgment at any time prior to the deadline presently set for dispositive motions. (*See* Order, Dec. 31, 2007.) The Court recognizes that the record may be exactly the same after the discovery deadline has expired as it was when Woodman filed its first motion for summary judgment. If that is the case, Woodman may simply

2

re-file the same motion for summary judgment that it previously filed. Furthermore, if there is no change in the record, the parties opposing summary judgment may file the same responses that they previously filed, but they will have the opportunity to supplement that previous response if the record has changed. All deadlines for response and/or reply shall be set according to the Federal Rules of Civil Procedure and the local rules of this Court.

IT IS SO ORDERED, this 27th day of March, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE