IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROB MARETT, INC. and )<br>ROBERT M. MARETT, JR., Individually, )<br>) CIVIL ACTION<br>Defendants. ) FILE NO. 3:07-CV-28-CDL | |

___

ROB MARETT, INC., )
)
    Defendant/Third-Party Plaintiff, )
)
v. )
)
MORAN FRAMING CO., INC., )
MICHAEL MORAN )
WOODMAN INSULATION CO., INC. and )
AIR-TIGHT INSULATION, INC. )
)
    Third-Party Defendants. )

**THIRD-PARTY DEFENDANTS MORAN FRAMING CO., INC. AND MICHAEL MORAN'S BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT WOODMAN INSULATION CO., INC.'S MOTION TO ENFORCE SETTLEMENT AGREEMENT OR, IN THE ALTERNATIVE, MOTION FOR DISMISSAL WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, FOR LEAVE OF COURT TO REFILE ITS MOTION FOR SUMMARY JUDGMENT**

COME NOW Moran Framing Co., Inc. and Michael Moran (collectively "Moran"), Third-Party Defendants, and files this Brief in Opposition to Third-Party Defendant Woodman Insulation Co., Inc.'s ("Woodman") Motion to Enforce Settlement Agreement or, in the Alternative, Motion for Dismissal Without Prejudice or, in the Alternative, For Leave of Court to Refile Its Motion For Summary Judgment, showing the Court as follows:

## ARGUMENT AND CITATIONS OF AUTHORITY

Moran respectfully requests the Court to deny Woodman's Motion to Enforce Settlement Agreement or, in the Alternative, Motion for Dismissal Without Prejudice on the grounds that the Plaintiff, Moran and Air-Tight Insulation, Inc. ("Air-Tight") did not consent to dropping Woodman from the above-styled litigation as required by Rule 21 of the Federal Rules of Civil Procedure, there was no agreement to dismiss the claims against Woodman *with* prejudice, and thus the alleged "settlement agreement" reached between Defendant/Third-Party Plaintiff Rob Marett, Inc. ("Marett") is null and moot. Moreover, Moran respectfully requests for the Court to deny the Motion to Dismiss Marett's claims against Woodman because it is untimely, and the claims are subject to the principles underlying permissive joinder, as contemplated by Rule 20 of the Federal Rules of Civil Procedure.

Moran opposes conducting for a second time the depositions not attended by Woodman's counsel [as suggested in Marett's Response, Doc. 81, pp. 3 and 8] due to the additional attorney's fees and expense that would be incurred by Moran, and because Woodman's counsel was aware of the depositions and had the opportunity to attend and participate. These Third-Party Defendants do not, however, oppose Woodman's alternative Motion For Leave of Court to Refile Its Motion For Summary Judgment, so long as Moran is provided the same opportunity.

A.  **Any Alleged Agreement Between Marett and Woodman to Dismiss the Third-Party Claims Against Woodman is Null and Moot Because the Remaining Parties Did Not Consent to the Dismissal and Marett Could Have Refiled the Claims Against Woodman.**

Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Although Marett

unilaterally filed a Dismissal Without Prejudice on June 17, 2008, the Court notified the parties on the same date that since the action was joined, a Stipulation of Dismissal or a Motion to Dismiss must be filed. [Docs. 75 and 76]. The Court did not elect to dismiss Woodman *sua sponte* at that time. Thus, both Marett and Woodman were on notice that they must either obtain the consent of all parties to dismiss Woodman and file a Stipulation, or Woodman or Marett needed to file a Motion to Dismiss the third-party claims against Woodman before the deadline for filing dispositive motions on June 30, 2008. [Docs. 64, 76 and 77-7].

Apparently, counsel for Marett first sought to obtain the consent of counsel to file a Stipulation on June 17 and 19, 2008. [Docs. 77-4 and 77-5]. On or about July 3, 2008, counsel for Woodman next sought to obtain consent for a Stipulation of Woodman's dismissal, since counsel for the remaining parties had not responded to Marett's counsel's request. [Doc. 77-6, 77-7 and 77-8]. Only counsel for Marett agreed to the Stipulation forwarded by Woodman's counsel, so long as the Stipulation was revised to reflect a Dismissal *Without* Prejudice. [Doc. 77-7 and 77-9]. The deposition of Michael Quinn took place on July 9, 2008, and Woodman's counsel did not attend because of Woodman's anticipation that it would be dismissed. [Doc. 77-7]. On the following day, Woodman's counsel telephoned counsel for Moran and Air-Tight, requesting consent to the Stipulation to Dismiss Woodman. [Doc. 77-7]. On July 14, 2008, Air-Tight's counsel notified Woodman's counsel that Air-Tight would not consent to Woodman's dismissal. [Doc. 77-7]. Nonetheless, Woodman's counsel did not attend the depositions of Richard Roby and Jason Sutula on July 15, 2008, again apparently because of Woodman's anticipation that it would be dismissed. [Doc. 77-7]. This sequence of events demonstrates clearly that Marett and Woodman never obtained the consent of all the parties to dismiss the

third-party claims against Woodman (particularly before the depositions that Woodman elected not to attend), and therefore, there was no final or enforceable agreement to dismiss the claims against Woodman.

Additionally, there is no evidence that Marett ever agreed to dismiss Woodman *with* prejudice. [Docs. 77-4 and 77-9]. Woodman's argument that there was a settlement agreement to dismiss the third-party claims against Woodman is thus also frustrated for the reason that even if Marett or the parties had successfully dismissed the claims against Woodman, Marett would have still had the option to re-file the third-party claims.

In summary, even if there was an agreement between counsel for Marett and Woodman to dismiss the third-party claims against Woodman at one time, counsel for the remaining parties never consented to Woodman's dismissal pursuant to Rule 21, neither Marett or Woodman filed a Motion to Dismiss the claims against Woodman before the deadline for filing dispositive motions, and even if the claims against Woodman had been dismissed without prejudice, Marett could have re-filed the claims. Therefore, while Woodman may be understandably frustrated by the sequence of events and any false hope that Woodman may be dismissed, this Court should deny Woodman's Motion to Enforce Settlement Agreement.

**B.     This Court Should Deny Woodman's Motion to Dismiss the Claims Against Woodman Because the Motion is Untimely and Because of the Principles Underlying Permissive Joinder.**

As an initial matter, Moran notes that Woodman has filed its Motion to Dismiss after the deadline for filing dispositive motions expired. [Doc. 64]. In any event, Moran respectfully requests for the Court to decline any invitation to dismiss Marett's claims against Woodman because of the principles underlying permissive joinder.

Rule 20 of the Federal Rules of Civil Procedure provides, in relevant part:

(2) *Defendants.* Persons...may be joined in one action as defendants if:
   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
   (B) any question of law or fact common to all defendants will arise in the action.

In the instant case, the claims against Woodman clearly arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against the Defendants and the remaining Third-Party Defendants. Additionally, there are clearly questions of law or fact common to all claims in this action as contemplated by Rule 20.

"The provisions for permissive joinder under Rule 20 are very broad and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice." *Arrington v. Fairfield*, 414 F.2d 687, 693 (5th Cir. 1969).[1] The Federal Rules allow joinder in order to prevent costly, slow multiplicitous litigation with the danger of inconsistent results. *Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705, 709 (5th Cir. 1967). As noted by the Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.* At 724. Substantial discovery has been exchanged and completed in this matter, and Woodman has participated in the majority of the discovery. Additionally, a dismissal of the claims against Woodman could result in a multiplicity of actions,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

inconsistent results, and impede trial convenience and an expeditious final determination of the underlying dispute. Moran respectfully asks the Court to deny Woodman's Motion to Dismiss because the principles underlying permissive joinder suggest that the common questions of law and fact in this case, that arrive out of the same occurrence, should be resolved without further delay in the present litigation.

**C.   This Court Should Not Allow Duplicative Depositions or Discovery Because Woodman Was Not Dismissed at the Time of the Depositions, Woodman's Counsel Had Notice of the Depositions, Woodman's Counsel Elected Not to Attend, and Moran and the Remaining Parties Would Incur Unnecessary Expenses if the Depositions are Repeated.**

Moran opposes conducting for a second time the depositions not attended by Woodman's counsel [as suggested in Marett's Response, Doc. 81, pp. 3 and 8] due to the additional attorney's fees and expense that would be incurred by Moran. Moreover, Woodman's counsel was aware of the depositions and had the opportunity to attend and participate, and unfortunately, Woodman's counsel declined. [Doc. 77-7]. While the undersigned is sympathetic to Woodman to the extent it chose not to attend and participate in the depositions because it believed a dismissal was forthcoming, no such agreement had been reached between all of the parties at the time of any of the depositions. [Doc. 77-7].

To the extent the Court believes additional latitude should be given to Woodman under the circumstances, the undersigned suggests allowing Woodman to conduct a deposition by written questions of the witnesses deposed in its absence, as allowed by Rule 31, which would result in less cost or expense to the remaining parties and would not require a second appearance in person by the witness and parties. If Woodman is allowed to utilize this procedure as to the witnesses whose depositions it did not attend, Moran also requests for the Court to allow the

opportunity for the remaining parties to submit cross-questions as contemplated by Rule 31(a)(5), if necessary.

**D.     If the Court Allows Woodman to File a Motion for Summary Judgment After the Deadline for Filing Dispositive Motions, the Remaining Parties Should Be Afforded the Same Opportunity.**

Woodman is the only party to have previously filed a Motion for Summary Judgment, and that Motion was denied on the ground discovery was not yet completed. [Docs. 41 and 62]. The Court invited Woodman to re-file its Motion, even the same Motion previously filed, before expiration of the period to file dispositive motions on June 30, 2008. [Docs. 62 and 64]. On the date of the deadline for filing dispositive motions, Woodman was aware that Marett could not unilaterally file a dismissal, and that counsel for the remaining parties had not consented to a Stipulation Dismissing Woodman. [Docs. 76, 77-5 and 77-7]. Woodman could have easily re-filed the same Motion for Summary Judgment, or it could have filed a Motion to Dismiss Woodman prior to the deadline, but it elected not to proceed in that manner.

On the other hand, depositions of expert witnesses were taken by agreement of counsel after the deadline for filing dispositive motions. For this reason, Moran does not oppose Woodman's alternative Motion For Leave of Court to Refile Its Motion For Summary Judgment. However, if this Court allows Woodman to file a dispositive motion after the deadline for filing dispositive motions, Moran respectfully moves the Court for leave to file a Motion for Summary Judgment within the same period provided to Woodman.

## CONCLUSION

For the foregoing reasons, these Third-Party Defendants respectfully request the Court to deny Woodman's Motion to Enforce Settlement Agreement or, in the Alternative, Motion for

Dismissal Without Prejudice. Moran does not oppose Woodman's alternative Motion For Leave of Court to Refile Its Motion For Summary Judgment, but if this Court allows Woodman to file a dispositive motion after expiration of the deadline, Moran respectfully moves the Court for leave to file a Motion for Summary Judgment within the same period provided to Woodman.

This 25 day of August, 2008.

                              WILLIAM R. YOUNGBLOOD, P.C.
                              Attorneys for Moran Framing Co., Inc. and
                              Michael Moran

                              By: /S/ William R. Youngblood
                                  William R. Youngblood
                                  Georgia State Bar No. 784325
                                  Laura Vickery Benesh
                                  Georgia State Bar No. 050110

2855 L'ville-Suwanee Road
Suite 760, No. 413
Suwanee, GA 30024
(770) 338-4224
Fax (770) 277-6930
E-mail: bobyoungblood@mindspring.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon opposing counsel by using the CM/ECF system which will automatically send an e-mail notification of such filing to the following attorneys of record:

>Robert E. Jones, Esq.
>Cozen and O'Connor
>2200 SunTrust Plaza
>303 Peachtree Street, N.E.
>Atlanta, GA 3038
>*ATTORNEYS FOR PLAINTIFFS*
>
>David I. Matthews, Esq.
>Michael A. Sexton, Esq.
>John B. Jackson, Esq.
>Weinberg, Wheeler, Hudgins,
>Gunn & Dial, LLC
>950 East Paces Ferry Road
>Suite 3000
>Atlanta, GA 30326
>*ATTORNEYS FOR DEFENDANTS/THIRD-PARTY PLAINTIFF*
>
>Robert M. Finlayson, II, Esq.
>Brian J. Duva, Esq.
>Ruth M. Pawlak, Esq.
>Mozley, Finlayson & Loggins, LLP
>One Premier Plaza, Suite 900
>5605 Glenridge Drive
>Atlanta, GA 30342
>*ATTORNEYS FOR THIRD-PARTY DEFENDANT WOODMAN INSULATION CO., INC.*
>
>William A. Dinges, Esq.
>Temple, Strickland, Dinges & Schwartz
>3576 Covington Highway
>Suite 100
>Decatur, GA 30032
>*ATTORNEYS FOR THIRD-PARTY DEFENDANT AIR-TIGHT INSULATION, INC.*

This __25__ day of August, 2008.

        WILLIAM R. YOUNGBLOOD, P.C.
        Attorneys for Moran Framing Co., Inc. and
        Michael Moran


        By: /S/ William R. Youngblood
           William R. Youngblood
           Georgia State Bar No. 784325
           Laura Vickery Benesh
           Georgia State Bar No. 050110

2855 L'ville-Suwanee Road
Suite 760, No. 413
Suwanee, GA 30024
(770) 338-4224
Fax (770) 277-6930
E-mail: bobyoungblood@mindspring.com