IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ROB MARETT INC., AND ROBERT M. MARETT JR., Individually, | ) ) ) | |
| Defendants. | ) | |
| ------------------------------------------------------------- | ) | CIVIL ACTION FILE NO. |
| ROB MARETT, INC., | ) ) | 3:07-CV-28 (CDL) |
| Defendant/Third Party Plaintiff, | ) ) ) | |
| MORAN FRAMING CO., INC., MICHAEL MORAN, and AIR-TIGHT INSULATION, INC. | ) ) ) ) | |
| Third Party Defendants | ) ) | |

**DEFENDANTS/THIRD PARTY PLAINTIFFS ROB MARETT INC., AND ROBERT M. MARETT JR.'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EXPERT OPINIONS NOT PREVIOUSLY DISCLOSED**

Defendants/Third Party Plaintiffs Rob Marett, Inc. and Robert M. Marett Jr. (hereinafter collectively referred to as "Marett") offer this brief in support of their Motion to exclude expert opinions not previously disclosed, and in support thereof state:

**ARGUMENT AND CITATION OF AUTHORITY**

The federal rules governing expert disclosure require that a party "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." FED. R. CIV. P. 26(a)(2)(A). Regarding retained experts, the rule further requires a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). The report shall contain a complete statement of all opinions to be

1

expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions . . . .  *Id.*  Such disclosure is required "sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  FED. R. CIV. P. 26, advisory committee notes.

Additionally, a party is required under Federal law to supplement their experts' reports and deposition testimony when the party learns of new information.  FED. R. CIV. P. 26(e)(1). For an expert witness whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.  FED. R. CIV. P. 26(e)(2).  If a party fails to supplement this information, unless such failure is harmless, they are not permitted to use as evidence at a trial any information not disclosed or supplemented.  FED. R. CIV. P. 37(c)(1).

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

FED.. R. CIV. P. 37(c)(1).

In the present case, Marett anticipates that Plaintiff may attempt to elicit new, previously undisclosed testimony from its experts, Barry W. Slotter, Jason A. Satula and Richard A. Roby. Marett fears that despite the fact that none of these experts have supplemented or revised their expert reports since their depositions, Plaintiff will attempt to introduce new opinions from these experts.  Such new opinions would not only unduly prejudice Marett, but would also be in violation of the Federal Rules of Civil Procedure.

Specifically, Marett fears that Plaintiff might seek to elicit additional opinions from its experts at trial with regard to whether Air-Tight Insulation, Inc. (hereinafter "Air-Tight") was negligent in its installation of cellulose insulation.  Pursuant to Rule 26, Plaintiff filed its Expert Disclosures on October 16, 2007, naming Barry W. Slotter, Jason A. Satula and Richard A. Roby as experts and including these experts' written reports. Defendant/Third Party Plaintiff Rob Marett, Inc. filed its Third Party Complaint against Air-Tight on December 12, 2007. [Doc. No. 38].

Mr. Satula and Mr. Roby were both deposed on July 15, 2008.[1]  Notably, Air-Tight's counsel did not attend the depositions, and did not choose to attend by telephone.  [Deposition of Jason A. Satula, pp. 6-7].  During Mr. Satula's deposition, counsel for Marett inquired as to whether Mr. Satula had any criticisms of Air-Tight and its installation of cellulose insulation. For instance, Mr. Satula was asked:

Q:   If I represent to you that there was only one company who installed insulation during the construction of this home, do you have any criticisms of that particular company?

A:   Based on that representation, *I have not really examined the issue enough to make a determination, one way or the other, on their operation*.

Deposition of Jason A. Satula, pp. 153-54 (emphasis added).

Mr. Satula further testified:

Q:   Is it fair to say that you don't have any criticisms of Air-Tight Insulation, the company that installed the cellulose insulation? [Plaintiff's counsel objects to the form]

A:   It's fair to say that *I have no opinion one way or the other*.

Q:   Is it because you haven't focused your investigation on the installation of the cellulose?

---

[1] Plaintiff's expert Barry W. Slotter was not deposed.  However, Mr. Slotter's written report is limited to opinions concerning the origin of the fire and does not address the negligence of any party.  Because Plaintiff has not supplemented Mr. Slotter's written report prior to trial, Marett requests that any expert testimony given by Mr. Slotter at trial be limited to those opinions disclosed in his written report.

A:      It's mostly because ***I have not looked at their practice or their involvement in the case***, and I just ***have not looked into any work related to whether or not their operation was correct or not***.

Q:      Have you been asked to look at Air-Tight's practices in this home?

A:      I have not.

Deposition of Jason A. Satula, pp. 155-56 (emphasis added).

Mr. Satula is very clear that he has **no opinion** as to whether Air-Tight was negligent in its installation of insulation.  Because Plaintiff has not supplemented Mr. Satula's written report or deposition testimony, Mr. Satula should not be permitted to testify as to whether Air-Tight was negligent, or to provide any other opinions not previously disclosed prior to trial.  Similarly, Plaintiff has provided no supplemental disclosures regarding the opinions of Mr. Roby and Mr. Slotter.  Therefore, these experts also should not be permitted to provide any other opinions not previously disclosed prior to trial.  Such new opinions would not only unduly prejudice Marett, but would also be in violation of the Federal Rules of Civil Procedure.

Additionally, Marett anticipates that Third Party Defendant Air-Tight may attempt to introduce expert testimony from individuals not previously identified as experts.  In its Initial Disclosures filed on March 28, 2008, Air-Tight identifies Mr. Larry Medford as having discoverable information pursuant to Fed. R. Civ. P. 26(a)(1) and states that "Mr. Medford may testify about the work performed by Air-Tight Insulation Inc.…[and] may also testify concerning the scope of the work as agreed to by Plaintiff's insured."  [Third-Party Defendants' Initial Disclosures, ¶1].  However, to this date, Air-Tight has not submitted any Expert Disclosures as required by Fed. R. Civ. P. 26(a)(2).

In *Jack v. Glaxo Wellcome, Inc.*, 239 F.Supp.2d 1308 (N.D.Ga. 2002), the district court refused to admit expert testimony proffered by plaintiff, where plaintiff failed to affirmatively notify the defendant manufacturer of her intention to offer an expert and provide an expert

report.  The court noted that "[t]he expert report requirement of Rule 26 serves the purpose of providing the other party with the substance of the proposed testimony, an opportunity to analyze the expert and the methodology, and a chance to seek out its own expert."  *Id.* at 1318. Compliance with Rule 26 ensures that neither party will be subject to undue prejudice or unfair surprise at trial.

In the present case, Air-Tight has not identified Mr. Medford or any other person as an expert witness or provided any expert reports as required by Fed. R. Civ. P. 26(a)(2).  The other parties to the lawsuit have thus relied on Air-Tight's representation that it will not introduce expert testimony at trial.  Because any introduction of undisclosed expert testimony at trial would unduly prejudice the other parties and cause unfair surprise, Air-Tight should be precluded from attempting to elicit expert testimony from any witness it calls at trial.

## CONCLUSION

For the reasons set forth herein, Defendants/Third Party Plaintiffs Rob Marett, Inc. and Robert M. Marett Jr. respectfully request this Court grant their Motion to exclude expert opinions not previously disclosed.

This 2nd day of April, 2009.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC


*/s/ David I. Matthews*
_____
**DAVID I. MATTHEWS**
Georgia Bar No. 477510
**BRANNON J. ARNOLD**
Georgia Bar No. 218034

*Attorneys for Defendants/Third-Party Plaintiffs*

950 East Paces Ferry Road
Suite 3000
Atlanta, Georgia  30326
404-876-2700
404-875-9433 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2009, a true and correct copy of the foregoing has been

uploaded into the CM/ECF system, which will send electronic notice to all counsel of record.

| | |
|---|---|
| Robert M. Finlayson, II, Esq.<br>Ruth M. Pawlak, Esq.<br>Mozley, Finlayson & Loggins, LLP<br>One Premier Plaza, Suite 900<br>5605 Glenridge Drive<br>Atlanta, Georgia  30342<br>ccrawford@mfllaw.com | Robert Youngblood, Esq.<br>2844 Lawrenceville-Suwanee Road<br>Suite 760, No. 413<br>Suwanee, Georgia  30024<br>bobyoungblood@mindspring.com |
| Robert E. Jones<br>Cozen O'Connor<br>2200 SunTrust Plaza<br>303 Peachtree Street, N.E.<br>Atlanta, Georgia  30308<br>rejones@cozen.com | William A. Dinges, Esq.<br>Temple, Strickland, Dinges & Schwartz<br>3576 Covington Highway<br>Suite 100<br>Decatur, Georgia  30032<br>wad@tsdslaw.com |
| | WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC<br><br>*/s/ David I. Matthews*<br>_____<br>**DAVID I. MATTHEWS**<br>Georgia Bar No. 477510<br>**BRANNON J. ARNOLD**<br>Georgia Bar No. 218034 |